Johnson, J.
delivered the opinion of the Court.
Every one who vends an article, impliedly undertakes that it is what its appearance indicates, and that it is not disguised so as to make it appear what it is not. The principle applies to all sorts of commodities, in whatever form they may exist. Pro *386 missory notes are a common article of traffic, and their value is measuref] by the responsibility of the drawer and the indorser. The usual manner of indorsing, is by the superscription of the indorser’s name, which constitutes the evidence of his liability. Finding a name so indorsed, one would necessarily conclude that it was placed there for that purpose; and it would as necessarily be looked to as a part of the security for the debt. If it happen there by fraud or by mistake, and the purchaser take it, ignorant of that fact, he is as much injured and deceived, as if he had been imposed on by counterfeit money; and the liability of the seller is the same.
The note transferred by the plaintiff to the defendant was indorsed with the name of Tacitus G. Cassity. He was solvent, and it was known that the maker was insolvent. The strong presumption is that the defendant took it upon the credit of the indorser alone ; and however that fact might be, in the absence of all information on the subject, he will be presumed to have acted upon the appearances indicated by the note: and according to the rule, the plaintiff was bound to guarantee that these were real and not deceptive. The defendant might have taken upon himself the risk, whether this was or was not the genuine signature of Cassity; but to discharge himself from the liability arising out of the legal presumption, it was incumbent on the plaintiff to show it, and the error in the judgment of the Circuit Court, appears to me to have originated in expecting proof from the defendant, that the plaintiff had warranted it genuine. On this ground therefore the case must go back for a new trial.
Besides this, the plaintiff’s own declarations furnish, in my view of them, very strong circumstances in aid of the legal presumption. He professes himself to be ignorant whether the signature was or was not in the hand-writing of Cassity: he does not pretend that he suggested any doubt about it to the defendant, much less, that the defendant agreed to accept it without that security; and he rests his defence solely on the ground, that he did not trade it as an indorsed note, or in other words, that he did not warrant Cassity’s signature. That, as before shown, is not enough. He was bound to prove that defendant knew it was not Cassity’s hand-writing; or that he had agreed to- run that risk. And taking these declarations all together, it strikes *387 Me very forcibly, that if the plaintiff did not mislead the defendant, by holding out the name of Cassity as a security, he suffered him to deceive himself by the belief that it was.
Motion granted.